IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK VANORDEN, *on behalf of himself and others similarly situated*, | : CIVIL ACTION  :  : FILED ELECTRONICALLY |
| Plaintiff, | : |
| v. | : CLASS/COLLECTIVE ACTION  : |
| LEBANON FARMS DISPOSAL, INC., | : JURY TRIAL DEMANDED  : |
| Defendant. | : |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Frederick VanOrden ("Plaintiff") brings this lawsuit against Defendant Lebanon Farms Disposal, Inc. ("Defendant"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, et seq. Plaintiff asserts his FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts his PMWA claim as a class action under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

1. Subject matter jurisdiction over the FLSA claim exists pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Subject matter jurisdiction over the PMWA claim exists pursuant 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Grantville, PA (Dauphin County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporation headquartered in Schaefferstown, PA (Lebanon County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## FACTS

8. Defendant operates a waste disposal business that services customers in Central Pennsylvania.

9. Plaintiff is employed by Defendant as a driver/loader.

10. Plaintiff and other and other driver/loaders often work over 40 hours per week.

11. Defendant requires Plaintiff and other driver/loaders to report to work at 4:00 a.m. each day.

12. Defendant requires Plaintiff and other driver/loaders to submit time sheets that purportedly are used to determine their weekly pay.

13. When the time sheets submitted by Plaintiff and other driver/loaders record over 40 hours of work per week, Defendant often fails to pay for some or all of the recorded overtime hours. For example, for the week ending February 25,

2017, Plaintiff's time sheet recorded 57.25 hours.  Yet, Defendant paid Plaintiff for only 12 – rather than 17.25 – overtime hours.

14. With respect to those recorded overtime hours that are paid, Defendant determines the amount of overtime pay by utilizing the "half-time" methodology applicable to "day-rate" employees.  See 29 C.F.R. § 778.113; 34 Pa. Code § 231.43(b).  This methodology – which is very beneficial to employers – is available only if the employee is paid a flat sum for each day's work "without regard to the number of hours worked in the day."  29 C.F.R. § 778.113; 34 Pa. Code § 231.43(b).

15. The above "half-time" methodology is not permissible in this case because Plaintiff and other driver/loaders are not paid a flat sum for each day's work "without regard to the number of hours worked in the day."  For example, Plaintiff and other driver/loaders are not paid a flat sum during days in which they are sent home early.

16. In addition to failing to pay Plaintiff and other driver/loaders for all recorded overtime hours, Defendant also prohibits Plaintiff and other driver/loaders from even recoding work hours attributable to gassing-up, cleaning, and detailing their assigned garbage trucks at the end of the shift.  On a typical Monday-Thursday, these post-shift activities take approximately 30-45 minutes to complete, and, on a typical Friday, these activities take approximately 60-90

minutes to complete.  Plaintiff and other driver/loaders receive no payroll credit – and thus no overtime compensation – for these post-shift activities.

17. In engaging in the conduct described above, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE AND CLASS ALLEGATIONS

18. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals, who, during any time within the past three years, have been employed by Defendant (or any affiliated business entity) as drivers or loaders.

19. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20. Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals, who, during any time within the past three years, have been employed by Defendant (or any affiliated business entity) as drivers or loaders.

21. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action

requisites are satisfied.

22. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

23. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

25. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendant's common timekeeping and compensation practices, as described herein. The legality of these policies will be determined through the application of common legal principles to common facts.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
**(Alleging Violations of the FLSA)**

27. All previous paragraphs are incorporated as though fully set forth

5

herein.

28. The FLSA requires that employees receive overtime compensation calculated at 150% of their regular pay rate for hours worked over 40 per week.

29. Defendant violated the FLSA by (i) failing to pay Plaintiff and other driver/loaders for all overtime work and (ii) with respect any paid overtime hours, utilizing the half-time methodology in determining the amount of pay.

30. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, has willfully violated the FLSA.

## COUNT II
### (Alleging Violations of the PMWA)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The PMWA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all hours worked over 40 per week.

33. Defendant violated the PMWA by (i) failing to pay Plaintiff and other driver/loaders for all overtime work and (ii) with respect any paid overtime hours, utilizing the half-time methodology in determining the amount of pay.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the

class/collective, seeks the following relief:

    A.    Orders permitting this action to proceed as a collective and class action;

    B.    Unpaid wages (including overtime wages) and prejudgment interest;

    C.    Liquidated damages;

    D.    Litigation costs, expenses, and attorney's fees; and

    E.    Such other and further relief as the Court deems just and proper.

Date: July 24, 2017        Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Attorneys for Plaintiff*