IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK VANORDEN, on behalf of himself and others similarly situated | : : : | 1:17-cv-01310-CCC |
| | : | |
| v. | : | |
| | : | |
| LEBANON FARMS DISPOSAL, INC. | : | |
| | : | |

## **CLASS/COLLECTIVE ACTION SETTLEMENT AGREEMENT**

The Parties (defined below) hereby **STIPULATE** and **AGREE** that the Action (defined below) is settled pursuant to the following terms and conditions and subject to judicial approval:

1. **Definitions**.

**"Action"** means the above-captioned litigation.

**"Administrator"** means Settlement Services, Inc.

**"Agreement"** means this Class/Collective Action Settlement Agreement.

**"Class Counsel"** means Winebrake & Santillo, LLC.

**"Class Member"** means each of the 294 individuals listed in Exhibit A.[1]

**"Court"** means the United States District Court for the Middle District of Pennsylvania.

**"Defendant"** means Lebanon Farms Disposal, Inc. and all of its past, present, or future parents, subsidiaries, affiliates or related companies, successors, and predecessors, as well as their respective past, present, and future owners, officers, directors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and

---

[1] 74 Class Members are opt-ins to the Fair Labor Standards Act collective and previously filed Consent to Join forms pursuant to 29 U.S.C. § 216(b).  An "OI" designation has been placed after these individuals' names in Exhibit A.

insurers.

**"Defense Counsel"** means Barley Snyder, LLP.

**"Effective Date"** means (i) 35 calendar days after the Court enters an order granting final approval of the Settlement and dismissing the Action or (ii) if final approval is appealed and upheld, 3 business days after all avenues for appellate review are exhausted.

**"Notice Form"** means the document attached as Exhibit B.

**"Parties"** means Plaintiff and Defendant.

**"Plaintiff"** means Frederick VanOrden.

**"Payment Amount"** means, for each Class Member, the amount listed in Exhibit A.

**"Preliminary Approval Date"** means the date on which the Court enters the anticipated order "preliminarily" approving the settlement pursuant to Federal Rule of Civil Procedure 23(e)(1)(B).

**"Released Claims"** means all claims arising prior to August 20, 2018 asserted in or reasonably related to the Action, including all such claims arising under the federal Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq*., the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*., or any other federal, state, or local statute, regulation, ordinance, or common law theory seeking unpaid wages or any associated penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.

**"Released Parties"** means Defendant and its past, present, or future parents, subsidiaries, affiliates or related companies, successors, and predecessors, as well as their respective past, present, and future owners, officers, directors, agents, employees,

6836692.1

successors, heirs, spouses, administrators, executors, partners, assigns, attorneys, and insurers.

**"Settlement"** means the terms, conditions, and obligations described in this Agreement.

**"Settlement Participants"** means all Class Members who do not exclude themselves from the Settlement pursuant to paragraph 7 below.

2. **Conditions Precedent**.  This Settlement is conditioned on passage of the Effective Date.

3. **Failure to Obtain Court Approval**.  If the Settlement is not approved by the Court, it will be null and void, and the Parties will return to the *status quo ante*. During the remainder of the litigation, the Parties will be prohibited from relying on any negotiations, papers, or orders (including any class/collective certification order) pertaining to or resulting from the Settlement.

4. **Maximum Settlement Amount**.  Defendant's maximum payment under this Settlement is $225,000.00 inclusive of attorneys' fees, administrative and other costs and expenses, and service award.  Any requirement that Defendant pay more than this Maximum Settlement Amount constitutes a material change to this Agreement and justifies Defendant's unilateral termination of this Agreement and withdrawal from the Settlement.

5. **Release**.  Upon passage of the Effective Date, Settlement Participants (on behalf of themselves and their past, present and future agents, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or predecessors) release and forever discharge the Released Parties from the Released Claims.

6. **Notice of the Settlement**.  Class Counsel and Defense Counsel will work cooperatively to create an Excel spreadsheet listing the last known residential address of all Class Members.  On or before 14 calendar days after the Preliminary Approval Date,

3

the Administrator will mail to each Class Member a package containing the Notice Form. If the post office returns any package to the Administrator with a forwarding address, the Administrator will promptly re-mail the package to the forwarding address.  If the post office returns any package to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and will promptly mail the package to any updated address.  The Administrator will prepare a sworn declaration describing the notice process to be filed with any other papers seeking final approval of the Settlement.

       7.     **Exclusions From the Settlement.**  Any Class Member desiring to exclude himself/herself from the settlement must do so in writing.  Exclusions requests must be mailed to the Administrator pursuant to the instructions in the Notice Form and must be postmarked by the date falling 63 calendar days after the Preliminary Approval Date.  All exclusion requests will be submitted to the Court with any papers seeking final approval of the Settlement.

       8.     **Objections to the Settlement.**  Any Class Member desiring to object to the settlement must do so in writing.  Objections must be mailed to the Administrator pursuant to the instructions in the Notice Form and must be postmarked by the date falling 63 calendar days after the Preliminary Approval Date.  All such objections will be submitted to the Court with any papers seeking final approval of the Settlement.

       9.     **Payments to Claimants**.  On or before 14 calendar days after the Effective Date, Defendant will transfer to the Administrator a payment in the amount of $225,000.00 *minus* any Payment Amounts attributable to Class Members who exclude themselves from the Settlement pursuant to paragraph 7.  On or before 28 calendar days after the Effective Date, the Administrator will mail to each Settlement Participant: (i) a payroll check representing 50% of his/her Payment Amount from which the Administrator will deduct all applicable taxes and withholdings and for which the

Administrator will issue an IRS W-2 Form[2] and (ii) a non-payroll check representing 50% of the Payment Amount which will be free of any taxes or withholdings and for which the Administrator will issue an IRS 1099 Form.  The Administrator will mail these payments to the best known address for each Settlement Participant.  If the post office returns any payments to the Administrator with a forwarding address, the Administrator will promptly re-mail the payments to the forwarding address.  If the post office returns any payments to the Administrator without a forwarding address, the Administrator will work diligently to obtain an updated address and will promptly re-mail the payments to any updated address.  All settlement checks will bear an expiration date falling 150 calendar days after the Effective Date.  Funds associated with checks not cashed by the expiration date will be paid to the Pennsylvania IOLTA Board.

10.     **Payment to Class Counsel**.  Class Counsel will request that the Court approve the payment to Class Counsel of $75,000.00 in combined fees, costs, and expenses (including all fees and expenses paid to the Administrator).  Any unapproved portion of this award for fees and expenses will be distributed *pro rata* to Settlement Participants.  The Administrator will pay any Court-approved fees, costs, and expenses to Class Counsel on or before 21 calendar days after the Effective Date and will issue to Class Counsel IRS 1099 Forms as required.

11.     **Service Award.**  Class Counsel will request that the Court approve a $5,000.00 service award to Plaintiff.  In addition, the seventeen (17) individuals who were responsive to Defendant's written discovery will receive a service award of $250.00 each.  These seventeen individuals are identified with asterisk next to their name in Exhibit A.  Any unapproved portion of this service award will be distributed *pro rata* to

---

[2] To facilitate the Administrator's issuance of payroll checks and withholding of taxes, Defendant will send to the Administrator an Excel spreadsheet listing each Class Member's social security number, as listed in Defendant's business records. These social security numbers may not be revealed to Class Counsel and must be treated by the Administrator as strictly confidential. Defense Counsel will prepare an appropriate confidentiality agreement to be executed by the Administrator.

Settlement Participants.  The Administrator will pay any Court-approved service award to Plaintiff on or before 21 calendar days after the Effective Date and will issue to Plaintiff an IRS 1099 Form as required.

**12.**    **Dismissal with Prejudice**.  Upon the Court's final approval of this Settlement, the Action will be dismissed with prejudice in its entirety.  The Parties will request that the Court retain jurisdiction for the sole purpose of resolving any disputes arising out of or relating to implementation of the Settlement or Agreement.

**13.**    **No Representations**.  In entering into this Settlement, no Party relies on any statements, representations, or promises not described in this Agreement.

**14.**    **Consent**.  Each Party has carefully read and understands this Agreement and has received independent legal advice with respect to the Agreement.

**15.**    **Successors**.  This Agreement will inure to the benefit of and be binding upon each Party's heirs, successors, and assigns.

**16.**    **No Assignments**.  No Party has assigned or transferred, or purported to assign or transfer, to any other person or entity any rights or interests pertaining to the Action or Settlement.

**17.**    **No Presumptions.**  In interpreting this Agreement, there will not be any presumption of interpretation against any Party.

**18.**    **No Admissions and No Prevailing Party**.  This Agreement is the result of a compromise between the Parties for the sole purpose of resolving the Action and avoiding the time and expense of further litigation.  Nothing in this Agreement constitutes an admission of liability or the propriety of class certification by any Released Party with regard to the subject matter of the Action.  As consideration for the payments described in this Agreement, Class Counsel and all Settlement Participants agree that (i) Class Members are not prevailing parties or a prevailing party for purposes of the Action; (ii) neither Class Counsel nor any Settlement Participant is entitled to recover any additional attorneys' fees or litigation expenses arising out of or related to the Action, and

(iii) Class Counsel and Settlement Participants waive any rights they may have to recover any attorneys' fees or litigation expenses, other than those described in paragraph 10 of this Agreement. Nothing herein may be construed or used as an admission or as evidence of the validity of any claim against any Released Party.

19. **Tax Liability**.  Class Counsel is solely responsible for all fees, costs, and expenses incurred by the Administrator. Additionally, the Administrator is solely responsible for the creation and maintenance of any bank accounts associated with this Settlement, the distribution any payment of all monies owed to Settlement Participants and Class Counsel. Defendant, Released Parties, Defense Counsel, and Class Counsel make no representations as to the tax treatment or legal effect of the payments called for under this Agreement.  Plaintiff, Class Counsel, and Settlement Participants will be solely responsible for the payment of any taxes and penalties assessed on their payments described in this Agreement. The Administrator, Settlement Participants, and Class Counsel all agree to defend, indemnify, and hold Defendant harmless from any claims, liability, or damages associated with the maintenance, payment, distribution, or taxability associated with the Settlement.

20. **Duty to Defend**.  Class Counsel and Settlement Participants will support the Agreement's approval and enforcement and will defend the Agreement from any legal challenge, whether by appeal or collateral attack.

21. **Warranty of Authority**.  Each signatory below warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to sign.

22. **Evidentiary Privilege**.  This Agreement falls within the protection afforded compromises and offers to compromise under Federal Rule of Evidence 408.

23. **Applicable Law**.  This Agreement will be governed, enforced, and interpreted according to Pennsylvania law, without regard to conflict of law principles.

24. **Execution**.  This Agreement may be executed in counterparts, each of

7

DocuSign Envelope ID: BAE80FA6-12C4-49F8-96CF-0E058A21E73A

which will be deemed an original, but all of which taken together will constitute one and the same instrument.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: 4/3/2019 _____

Frederick VanOrden

Dated: 4/3/19 _____

For Winebrake & Santillo, LLC

Dated: _____

For Barley Snyder, LLP

Dated: _____

For Lebanon Farms Disposal, Inc.

Dated: _____

For Settlement Services, Inc.

6836692.1

which will be deemed an original, but all of which taken together will constitute one and the same instrument.

   **IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:


Dated: _____      _____
                              Frederick VanOrden


Dated: _____      _____
                              For Winebrake & Santillo, LLC

Dated: 4/5/2019               _____
                              For Barley Snyder, LLP

Dated: 4/3/2019               _____
                              For Lebanon Farms Disposal, Inc.

Dated: 4/12/2019              _____
                              For Settlement Services, Inc.

6836692.1

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI) or Class Member ("CM") | Payment Amount |
|---|---|---|
| ACHEY, MATTHEW | OI | $672.82 |
| ACKLEY, THOMAS | CM | $81.06 |
| AGRESTO, ANTHONY | CM | $111.12 |
| ALFORD, TERESA | CM | $105.11 |
| ALICEA, MARLONE | CM | $51.00 |
| ANDRERSON, TRACEY | CM | $281.46 |
| APONTE RAMOS, SALVADOR A | CM | $229.36 |
| ARCHER, JUSTIN | CM | $193.29 |
| ARENAS, EMMANUEL | CM | $113.13 |
| ATHERTON, MICHAEL | CM | $71.04 |
| BAKER, BRADLY | CM | $55.01 |
| BAKER, RYAN | OI | $1,039.34 |
| BATISTA, RAFAEL | CM | $88.08 |
| BEACHLER, LORI | CM | $54.01 |
| BEAVER, DAVID | OI | $544.63 |
| BEDLEYOUNG, KENNETH K. | CM | $1,488.89 |
| BELL, KENYATTA | CM | $73.05 |
| BENNER, LLOYD* | OI | $664.47 |
| BERGER, SCOTT | OI | $843.06 |
| BERRIOS, EDGARDO | CM | $55.01 |
| BLANCO, DONRICARDO | CM | $54.01 |
| BOWER, JAMES | CM | $1,539.99 |
| BOYER, JEREMY* | OI | $686.48 |
| BRABANT, JAMES | CM | $155.21 |
| BRADLEY, MERCEDES | CM | $74.05 |
| BRANDT, BRIAN | OI | $272.25 |
| BRETZ, WILLIAM J. | OI | $2,825.89 |
| BRIEL, TYLER | CM | $89.08 |
| BURGOS, JORGE | CM | $68.04 |
| BURGOS, SERGIO | OI | $380.40 |
| BURKETT, ZACHERY | CM | $56.01 |
| BURRIS, GERALD | CM | $130.16 |
| CANCEL, FERNADO* | OI | $3,328.25 |
| CARVAJAL, JOSE | CM | $53.01 |
| CHRISTMAN, JOSEPH | OI | $738.91 |
| CLARK, GAGE | CM | $64.03 |
| COLE, JUDE MICHAEL | CM | $165.23 |
| COLLINS, DALTON | CM | $54.01 |
| COLON JR, JOSE | OI | $104.01 |
| CONRAD, GABRIEL | CM | $84.07 |

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI" or Class Member ("CM") | Payment Amount |
|---|---|---|
| CORNER, WILLIE | CM | $386.68 |
| CORREA-SANCHEZ, ALEXANDER | OI | $1,538.05 |
| CREGG, JOHN | CM | $69.04 |
| CROLL, ROBIN | CM | $293.49 |
| CRUZ, CRISTIAN | CM | $129.16 |
| DAIGLE, JUSTIN | CM | $64.03 |
| DAVENPORT II, CHARLES | CM | $60.02 |
| DAVIS, BEN | CM | $61.02 |
| DAVIS, JERMAL | CM | $52.00 |
| DECHERT, JOSHUA | OI | $172.10 |
| DENNIS, MATTHEW | CM | $52.00 |
| DEVINE, LOREN | OI | $136.05 |
| DEVITZ, CHANCE | CM | $62.02 |
| DIAZ, ELIEZER | CM | $78.06 |
| DOSTER, JOSH | CM | $353.61 |
| DOSTER, MELVIN J. | CM | $1,539.99 |
| DRY, RICHARD | OI | $3,078.25 |
| DUNLAP, RANDY | CM | $215.33 |
| DUPLER SR, JAMES* | OI | $3,328.25 |
| DURANT, DAVID* | OI | $358.01 |
| EDGELL II, MICHAEL | CM | $449.80 |
| EVANS, BRADLY | OI | $116.02 |
| FELTY, PAUL A | OI | $538.63 |
| FERGUSON, JAELA | CM | $74.05 |
| FERGUSON, JUSTICE | CM | $68.04 |
| FETTERHOFF, CARL | CM | $811.53 |
| FIDLER JR., MARK W. | CM | $97.09 |
| FISKE, DARREN | CM | $1,034.98 |
| FOUST, ANDREW | CM | $57.01 |
| FRANCIS, CHRISTOPHER M. | CM | $74.05 |
| FULTON, NICHOLAS | CM | $89.08 |
| GARCIA, DOMONIC | CM | $124.15 |
| GARCIA, GIOVANNI | CM | $54.01 |
| GERNERT, ERIC | OI | $156.08 |
| GETTLER JR,  EDWARD | CM | $1,539.99 |
| GLENN, BRAD | CM | $53.01 |
| GODFREY, LANE | CM | $66.03 |
| GONZALEZ, DAVID | CM | $57.01 |
| GONZALEZ, EDWIN | CM | $51.00 |
| GOODMAN, DARRELL | CM | $153.21 |

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI) or Class Member ("CM") | Payment Amount |
|---|---|---|
| GRAY, BRYANT | CM | $141.18 |
| GREEN, JOSEPH L. | CM | $148.20 |
| GREEN, JOSHUA | CM | $54.01 |
| GRIER, MARCUS | CM | $54.01 |
| GRUNWALD, JASON | CM | $124.15 |
| GUSEMAN, ROBERT | CM | $94.09 |
| GUTHRIE JR, RICHARD | CM | $159.22 |
| GUTIERREZ, JOSE | CM | $856.62 |
| GUYER, JAMES | CM | $135.17 |
| GUZMAN, GEOVANNY | CM | $1,539.99 |
| HAAS, CHRISTOPHER | CM | $69.04 |
| HACKMAN, DOUGLAS | CM | $236.37 |
| HADDOCK, HANS | OI | $3,078.25 |
| HALL, BRYAN | CM | $70.04 |
| HANSELL, BREMEN | CM | $52.00 |
| HARGETT, ZAQUAN | OI | $112.02 |
| HARTMAN, TAYLOR | OI | $300.29 |
| HAYDEN, GARRICK | CM | $1,520.95 |
| HAYNES, WILLIAM | CM | $55.01 |
| HERNANDEZ, OWEN | CM | $1,539.99 |
| HERNANDEZ, WALDO* | OI | $550.29 |
| HERR, TIMOTHY* | OI | $508.23 |
| HEVERLING, COREY | CM | $846.60 |
| HICKERSON, MICHAEL | CM | $632.17 |
| HIGH, RODNEY | OI | $604.72 |
| HILLARD, HASSON | CM | $119.14 |
| HOFFER JR, BRADLEY | OI | $1,880.54 |
| HOFFMAN, JOE | CM | $1,219.35 |
| HOLLAND, MARK | CM | $138.18 |
| HOLLEY, RODERICK | CM | $71.04 |
| HORST, DWIGHT | CM | $106.11 |
| HOSTETTER, DANIEL | CM | $327.56 |
| HOYER, ROBERT G. | CM | $1,539.99 |
| HUGHES JR, IRVING | CM | $1,539.99 |
| HURST, KYLE* | OI | $1,247.28 |
| ILE, JUSTIN | CM | $1,389.69 |
| ILE, ROBERT C. | OI | $3,078.25 |
| JACKSON, CHARLES | OI | $278.25 |
| JACOBS, STEVE | CM | $79.06 |
| JOHNSON, DALE (Deceased) | CM | $809.52 |

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI" or Class Member ("CM") | Payment Amount |
|---|---|---|
| JOHNSON, DONALD | CM | $78.06 |
| KASHNER, ANTHONY | CM | $278.46 |
| KETCHAM, BRIAN | CM | $368.64 |
| KEZIC, ANTON* | OI | $3,328.25 |
| KINSEY III, GLENN | CM | $103.11 |
| KNARR, JASON | CM | $66.03 |
| KOHL, DENNIS | CM | $92.08 |
| KUHN, JEFFREY | OI | $1,431.90 |
| LABARRE, PRESTON | CM | $1,539.99 |
| LAKE, ROBERT | OI | $220.17 |
| LAKE, RYAN | OI | $342.35 |
| LANTZ, MICHAEL | CM | $83.07 |
| LAO, WILFREDO | OI | $2,849.92 |
| LAUDERMILCH, JAZZ | CM | $51.00 |
| LAYTON, SHARIF | CM | $104.11 |
| LEBRON, EFRAIN | CM | $71.04 |
| LEONARDO, WILLIAM | CM | $597.10 |
| LOVE, CHARLES | CM | $69.04 |
| MAJETTE, THOMAS | CM | $55.01 |
| MALDONADO, VICTOR | CM | $106.11 |
| MALLERY, AUSTIN | OI | $124.03 |
| MANNEPULI, DINESH | CM | $232.37 |
| MARINKOV, JOSHUA | CM | $379.66 |
| MARITAN, STEVEN E. | CM | $723.35 |
| MARKEY, IAN ANTON | CM | $135.17 |
| MARTIN, JASON | CM | $65.03 |
| MARTINEZ, BRANDON | OI | $304.29 |
| MARTINEZ, TONY | CM | $211.32 |
| MASSA, ANGEL | CM | $64.03 |
| MASSA-TORRES, RAFAEL | CM | $74.05 |
| MASSEY, DAVID | CM | $52.00 |
| MCCABE, JOHN | CM | $1,539.99 |
| MCCARTY, COREY | CM | $920.75 |
| MCDANIELS, STEVEN* | OI | $398.07 |
| MCKINNEY, ELLIOTT | CM | $53.01 |
| MEEKER, WILLIAM | CM | $92.08 |
| MEILY, CHRISTOPHER | CM | $90.08 |
| MEILY, JUSTIN | OI | $118.03 |
| MERCADO, DERECK | OI | $190.13 |
| MERCER, COLE | CM | $72.04 |

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI) or Class Member ("CM") | Payment Amount |
|---|---|---|
| MEYERS, DRAKE | CM | $138.18 |
| MICAL, DARYL | CM | $550.00 |
| MILAM, JEFFREY | OI | $186.12 |
| MILLER, BRANDON | CM | $403.71 |
| MILLER, GREG | CM | $509.92 |
| MILLER, JEFFREY* | OI | $2,252.71 |
| MILLINDER, JAMES | OI | $344.35 |
| MILLISOCK, MELVIN | CM | $64.03 |
| MORALES, LUIS | CM | $216.33 |
| MORRIS, KAINE | CM | $62.02 |
| MOUNTZ, LINDSAY | OI | $286.27 |
| MOYER, J LESLIE | CM | $1,539.99 |
| NEAL, ISAAC L. | OI | $883.12 |
| NEAL, RONALD F. | OI | $3,084.26 |
| NEGRON-GONZALES, JONATHAN | CM | $358.62 |
| NEWMASTER, AMY | CM | $1,067.04 |
| NEWSVAN, ALPHONSO | OI | $140.06 |
| NIEVES, CHRISTIAN | CM | $101.10 |
| NORRIS JR, GERALD | OI | $1,473.96 |
| NUNEZ, OCTAVIO | CM | $52.00 |
| O'CONNELL, RICHARD | CM | $1,088.08 |
| OQUENDO-SANTIAGO, PERDC | CM | $52.00 |
| ORANGE, CORDD | CM | $51.00 |
| ORTIZ, JEREMIAH | CM | $65.03 |
| PACHECO, HECTOR | CM | $123.15 |
| PADURANO, DOMINIC | CM | $141.18 |
| PARSONS, JEFFEREY | CM | $211.32 |
| PARSONS, NICK | CM | $233.37 |
| PATCHES, THOMAS | CM | $431.77 |
| PELTON, ANTHONY | CM | $52.00 |
| PENDERGRASS, ANTONIEO | OI | $136.05 |
| PENNYPACKER JR, WILLIAM | CM | $75.05 |
| PETTIT, ANDREW | CM | $278.46 |
| PETTIT, MARK J | CM | $483.87 |
| PHOUTHONE, JOHNNY | CM | $52.00 |
| PIELLER, STEVEN | CM | $99.10 |
| PIERCE, MARK | CM | $92.08 |
| PITTMAN, ROBERT* | OI | $420.10 |
| PRESSLEY, DYLAN | OI | $224.18 |
| PURCELL, ROBERT* | OI | $410.09 |

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI" or Class Member ("CM") | Payment Amount |
|---|---|---|
| RAMOS, GIOVANNI | CM | $56.01 |
| REAM, MICHAEL | CM | $66.03 |
| REDDINGER IV, CARL | OI | $1,395.85 |
| REED SR, KENNETH | CM | $251.40 |
| REIGEL, AUSTIN* | OI | $600.36 |
| REILLY, TRAVIS | CM | $58.02 |
| REINHOLD, SCOTT | CM | $54.01 |
| REPPERT, RORY | CM | $53.01 |
| RILEY, RONALD | OI | $106.01 |
| RIOS, RIANDY | CM | $562.03 |
| RIVERA, ANGEL | OI | $488.55 |
| RIVERA, CHRISTOPHER | CM | $201.30 |
| RIVERA, GEORGE | CM | $57.01 |
| RIVERA, SANTOS* | OI | $722.53 |
| RIVERA, VICTOR | CM | $51.00 |
| ROBERTS, JOSHUA | CM | $52.00 |
| ROBINSON, COREY | OI | $740.91 |
| RODRIQUEZ, JULIO | OI | $2,497.42 |
| ROWE, DAVID | OI | $714.88 |
| SADLER JR, JAMES | CM | $138.18 |
| SADLER, RAALIAHIE | CM | $917.74 |
| SALMIERI, ANTHONY | CM | $54.01 |
| SALOMON, JEAN-AINE | CM | $716.34 |
| SANCHEZ, CHAYANNE | CM | $111.12 |
| SANTIAGO, JOSHUA | CM | $404.71 |
| SANTIAGO, STEVEN | CM | $69.04 |
| SHAUB, CORY | OI | $1,025.32 |
| SHEFFIELD, RYAN | CM | $56.01 |
| SHERMAN, DAVID | OI | $478.54 |
| SICKMEIER, SEAN | CM | $91.08 |
| SMITH, CARL L. | CM | $93.09 |
| SMITH, KETIH | CM | $351.61 |
| SOURWINE, ROBERT | CM | $51.00 |
| SPICHER, SAWYER | CM | $56.01 |
| SPOO JR, EARL | CM | $265.43 |
| STEVENSON, CHRISTOPHER | CM | $222.35 |
| STONER, MIKEY | CM | $92.08 |
| STUCKEY, MARK A.* | OI | $2,719.38 |
| STUMPF, BENJAMIN | CM | $108.12 |
| SUTTON SR, DUSTIN | CM | $1,539.99 |

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI" or Class Member ("CM") | Payment Amount |
|---|---|---|
| SWEENEY, SHAWN | CM | $58.02 |
| SWEIGART, COREY | CM | $51.00 |
| SWEIGART, ROARK | CM | $57.01 |
| SWEITZER, ROBERT B | CM | $67.03 |
| TAYLOR, KEITH | CM | $88.08 |
| THOMAS, MICHAEL | CM | $57.01 |
| THOMPSON, CHRISTOPHER | OI | $837.05 |
| TINLEY, CLIFFORD | CM | $95.09 |
| TOBIAS, JERRY L. | CM | $758.42 |
| TORRES III, REINALDO | OI | $2,553.50 |
| TRATE JR, JEFFREY | CM | $64.03 |
| TURNER, ANDRA | CM | $385.67 |
| TWADDLE, STACY | CM | $79.06 |
| TWADDLE, STEVEN | OI | $3,078.25 |
| TWADDLE, THOMAS J. | CM | $618.14 |
| TWARDOWSKI, ROBERT | OI | $1,389.84 |
| UHLER, JEFFREY | CM | $1,539.99 |
| UMBENHAUER, KANE | CM | $68.04 |
| UMBENHAUER, TROY | CM | $672.25 |
| UNANGST, MICHAEL | CM | $102.10 |
| VANDEN- DRIES, SEAN | CM | $393.69 |
| VANORDEN, FREDERICK | OI | $6,628.18 |
| VAUGHT, CHARLES | OI | $586.69 |
| VILLEGAS, GREGORY | CM | $77.05 |
| WAGNER, KEVIN | CM | $108.12 |
| WAKEFIELD JR, JAMES H | CM | $204.31 |
| WALSH, JOHN | CM | $229.36 |
| WALTERS, JODY* | OI | $436.12 |
| WATSON, JASON | CM | $176.25 |
| WEABER, ANDREW | CM | $64.03 |
| WEAVER, ANTHONY | CM | $102.10 |
| WEAVER, WENDALL | CM | $566.04 |
| WEIANT, BRADLY | OI | $1,712.30 |
| WEIDMAN, JORDON | CM | $141.18 |
| WEIK, KIRK M. | CM | $1,539.99 |
| WEIK, STEVE | OI | $258.23 |
| WEISER, TYEE-ARIN | CM | $60.02 |
| WENRICH SR, BRUCE | CM | $310.52 |
| WHEELER, ELVIS | OI | $164.09 |
| WHITE, JOHN | CM | $1,307.52 |

# EXHIBIT A

| Name (Last, First) | Opt-in ("OI" or Class Member ("CM") | Payment Amount |
|---|---|---|
| WHITMAN, CANDY A. | CM | $736.38 |
| WHITMAN, GARY | CM | $1,539.99 |
| WILLIAMS, DILLION | CM | $127.15 |
| WILLIAMS, GERALD E. | CM | $1,539.99 |
| WILLIAMS, RYAN L. | CM | $266.43 |
| WILSON, AARON | CM | $279.46 |
| WISNIEWSKI JR, RAYMOND | CM | $52.00 |
| WOLFE, THOMAS | CM | $52.00 |
| WRONSKI, JOHN | CM | $62.02 |
| YORDY, CHRISTOPHER | CM | $142.19 |
| YORDY, DEREK | CM | $51.00 |
| ZAFFUTO, JOHN | CM | $87.07 |
| ZECHMAN, RONALD | CM | $138.18 |
| ZIMMERMAN, COREY | CM | $106.11 |
| **TOTALS** | | **$150,000.00** |

# EXHIBIT B

## NOTICE OF SETTLEMENT

***Frederick VanOrden, et al. v. Lebanon Farms Disposal, Inc., 1:17-cv-01310-CCC***
**United States District Court, Middle District of Pennsylvania**

TO:    [*INSERT NAME*]

**YOU ARE COVERED BY THE SETTLEMENT OF THIS CLASS ACTION LAWSUIT.**

**A FEDERAL JUDGE AUTHORIZED THIS NOTICE, WHICH SUMMARIZES THE TERMS OF THE SETTLEMENT AND EXPLAINS YOUR RIGHTS UNDER THE SETTLEMENT.**

**PLEASE READ THIS DOCUMENT CAREFULLY.**

| **1.      What is the Lawsuit About?** |
| --- |

The United States District Court in Harrisburg, PA presides over this lawsuit, which was filed in July 2017 by Frederick VanOrden against Lebanon Farms Disposal, Inc. ("Lebanon Farms").

The lawsuit addresses whether or not Lebanon Farms properly paid Mr. VanOrden and other drivers and loaders for their overtime work.  The lawsuit primarily alleges that Lebanon Farms violated federal and Pennsylvania overtime law by failing to pay drivers and loaders for time spent performing work-related activities such as gassing-up, cleaning, and detailing their assigned trucks at the end of their shift. Lebanon Farms denies these allegations and asserts that it paid its employees for all hours worked and that its overtime payments complied with federal and Pennsylvania law.

This lawsuit covers 294 driver/loaders who were employed by Lebanon Farms between July 25, 2014 and August 20,2018.  This period from July 25, 2014 until August 20, 2018 is referred to below as the "**Relevant Period.**"  The 294 drivers/loaders who worked during this Relevant Period are referred below as "**Class Members**."

| **2.      Why is there a settlement?** |
| --- |

The Court has not decided who will win the lawsuit.  So both sides run the risk of losing.

***The settlement is a compromise***.  It allows both sides to avoid the costs, delays, and risks of further litigation and provides money to Mr. VanOrden and the Class Members without additional delay.

In reaching this settlement, Lebanon Farms has not admitted violating any laws.  Rather, Lebanon Farms continues to assert that its pay practices were entirely legal.

| **3.      How much money will I recover under the settlement?** |
| --- |

The Judge will decide whether the settlement is fair and reasonable.  If the Judge approves the settlement, a total amount of $225,000 will be paid to the Class Members and the law firm identified in Section 8.  If the Court approves the legal fees and expenses, $140,750 of the $225,000 will be paid to the Class Members.

Under the settlement, the 74 Class Members who previously joined this lawsuit in Spring 2018 by

returning a Consent to Join form will receive $___ for each week worked during the Relevant Period. The remaining 231 Class Members will receive $___ for each week worked during the Relevant Period. You, **[*INSERT NAME*]**, *did/did not* previously join this lawsuit by returning a Consent to Join Form. Thus, you are entitled to $___ for each week you worked during the Relevant Period, and your individual payment amount totals **$[*insert Payment Amount*]**. Half of your payment is considered wage income and will be reduced to reflect all payroll deductions ordinarily borne by ***both*** employers and employees. You will receive an IRS W-2 Form reflecting this payment and the associated taxes and withholdings. The other half of your payment will not be subjected to any deductions. You will receive an IRS 1099 Form reflecting this payment.

If you have any questions about the determination of your payment amount, please call the law firm listed in Section 8.

| **4.** | **How can I receive a settlement payment?** |
|---|---|

If this Notice is addressed to you, then you are covered by the settlement and ***you do not need to do anything to receive a settlement payment.*** Of course, the payment will not be made unless and until the Judge approves the settlement.

| **5.** | **What do I give up by receiving a settlement payment?** |
|---|---|

If you do not exclude yourself from the settlement by following the procedures in Section 6, you will release and forever discharge Lebanon Farms (as well as its past, present, or future parents, subsidiaries, affiliates or related companies, successors, and predecessors, as well as their respective past, present, and future owners, officers, directors, agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, attorneys, and insurers) from all claims arising prior to August 20, 2018 and asserted in or related to the Action, including, but not limited to, all such claims seeking unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*, or any other federal, state, or local statute, regulation, ordinance, or common law theory seeking unpaid wages or any associated penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief. This means you won't be able to sue Lebanon Farms (or any related company or individual) for wages you claim are owed to you related to the period from July 25, 2014 through August 20, 2018.

If you have any questions about the scope of this release, please call the law firms listed in Section 8.

| **6.** | **How do I exclude myself from this settlement?** |
|---|---|

If you do not want to participate in the settlement, then you must take steps to exclude yourself.

To exclude yourself, you must prepare a note or letter simply stating: "I wish to be excluded from the Lebanon Farms Wage Lawsuit." The letter or note may be typed or handwritten. Be sure to include your signature, printed full name, address, and phone number. To be valid, your exclusion request must be postmarked no later than **[*insert*], 2019** and be mailed to: Lebanon Farms Wage Lawsuit, c/o Settlement Services, Inc., 2032-D Thomasville Road, Tallahassee, FL 32308.

If you exclude yourself from the settlement, you will not receive any money, you will not be legally bound by the settlement, and you will not waive or release any legal claims against Lebanon Farms.

**EXHIBIT B**

## 7. How do I object to the settlement?

You can object to the settlement if you believe it is unfair or should not be approved. The Judge will consider your objection in deciding whether to approve the settlement.

To object to the settlement, you must prepare a letter or note stating that you "object" to the settlement in the Lebanon Farms Overtime Lawsuit. The letter or note may be handwritten. Be sure to include your signature, printed full name, address, and telephone number. You may (but are not required to) consult with or retain an attorney to assist you in drafting the objection. If you are not being assisted by an attorney, simply do your best to describe the reasons why you object to the settlement.

To be valid, your objection must be postmarked no later than **[*insert*], 2019** and be mailed to: Lebanon Farms Wage Lawsuit, c/o Settlement Services, Inc., 2032-D Thomasville Road, Tallahassee, FL 32308.

## 8. Do I have a lawyer?

Unless you exclude yourself from the settlement or retain your own personal attorney, you are represented in this lawsuit by Winebrake & Santillo, LLC, 715 Twining Road, Suite 211, Dresher, PA 19025; Phone (215) 884-2491; website www.winebrakelaw.com. Lawyers from this firm will answer your questions about the lawsuit and settlement free of charge and in strict confidence. If you call, please identify yourself as a "Class Member" in the "Lebanon Farms Wage Lawsuit" and ask to speak with one of the assigned lawyers. However, class members may enter an appearance through an attorney of their own if the individual so chooses.

## 9. How do the lawyers get paid and does Mr. VanOrden get any extra money?

You will ***not*** pay any legal fees or expenses out of your individual settlement payment described in Section 3. Rather, the above firms will ask the Judge to approve legal fees and expenses of $75,000 (which is 33% of the total $225,000.00 settlement payment). The Judge has not yet decided whether he will approve these requested fees and expenses.

In addition, the above lawyers will ask the Judge to approve extra "service award" payments of $5,000 to Mr. VanOrden and $250 each to the 17 Class Members who worked with Mr. VanOrden's lawyers to respond to written discovery served by Lebanon Farms. The Judge has not yet decided whether he will approve these requested service awards.

## 10. When and where will the Court decide whether to approve the settlement?

The Court will hold a hearing to decide whether to approve the settlement. You are not required or expected to attend that hearing. However, you certainly are welcome to attend.

The hearing will take place on _____, 2019 at ___ in Courtroom ___ of the United States Courthouse, 228 Walnut Street, Harrisburg, PA 17108.

During the hearing, the Judge will consider whether the settlement is fair and should be approved. The Judge also will consider any written objections to the settlement and will hear from any individuals (or their legal representatives) who wish to be heard.

**EXHIBIT B**

| 11. | How do I obtain more information? |
|---|---|

This Notice summarizes the most important aspects of the proposed settlement. You can obtain further information by calling one of the law firms listed in Section 8.

Dated: _____, 2019          Approved:     <u>Hon. Christopher C. Connor</u>
                                                              United States District Court