IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK VANORDEN**, on behalf of himself and others similarly situated, | CIVIL ACTION NO. 1:17-CV-1310 |
| Plaintiff | (Chief Judge Conner) |
| v. | |
| **LEBANON FARMS DISPOSAL, INC.**, | |
| Defendant | |

## ORDER

AND NOW, this 18th day of October, 2019, upon consideration of named plaintiff Frederick VanOrden's unopposed motion (Doc. 72) for final approval of "class/collective" action settlement, requested attorney's fees and costs, requested service awards, appointment of class counsel, and waiver of class members' FLSA claims, and the motion's accompanying memorandum (Doc. 73) of law, the "Class/Collective Action Settlement Agreement," (Doc. 72-1), the Declaration of R. Andrew Santillo, (Doc. 72-2), the Declaration of Mark Patton, (Doc. 72-3), the representations of class counsel during the October 17, 2019 final fairness hearing, the absence of any objection from putative class members, and all other papers and proceedings herein, it is hereby ORDERED that:

1. The settlement of this action is APPROVED as "fair, reasonable, and adequate" pursuant to the Fair Labor Standards Act and Federal Rule of Civil Procedure 23(e).[1]  29 U.S.C. § 201 *et seq.*; FED. R. CIV. P. 23(e).

---

[1] The settlement does not apply to or bind John White, who excluded himself from the settlement. (<u>See</u> Doc. 72 at 1 n.1).

2.  With respect to the $139,442.48 payable to the class members, the court finds that the following factors, provided by Federal Rule of Civil Procedure 23(e)(2)(C) and (D), militate in favor of approval of the settlement: the costs, risks, and delay of trial and appeal; the effectiveness of the processing and distribution of class-member claims; the terms of the attorney's fees, (see ¶ 4, *infra*); and the settlement's treatment of class members equitably relative to each other.

3.  The court also APPROVES the requested service award of $5,000.00 to named plaintiff Frederick VanOrden in recognition of his role in initiating this lawsuit and diligently pursuing his legal claims on behalf of the class. This award falls within the range of service awards approved in other wage/overtime class action lawsuits. See, e.g., Creed v. Benco Dental Supply Co., No. 3:12-CV-1571, 2013 WL 5276109, at *7 (M.D. Pa. Sept. 17, 2013) (approving $15,000.00 service award); Craig v. Rite Aid Corp., No. 4:08-CV-2317, 2013 WL 84928, at *13 (M.D. Pa. Jan. 7, 2013) (approving awards of $7,500.00 and $5,000.00 and citing authority). The court likewise approves the $250.00 service awards to the other 17 class members for responding to written discovery.

4.  The court APPROVES, pursuant to Federal Rule of Civil Procedure 23(h), the requested payment of $75,000.00 to class counsel for attorney's fees and expenses. See FED. R. CIV. P. 23(h). The court finds $16,451.74 in expenses to be reasonable and necessary under the circumstances of this litigation and settlement. Moreover, the requested $58,548.26 attorney's fee recovery, which constitutes approximately 26% of the total $223,692.48 settlement fund and is substantially less than the fee lodestar crosscheck, (see Doc. 73 at 32; Doc. 72-2 ¶¶ 18-22), is supported by the seven factors described in Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 193 n.1 (3d Cir. 2000): (a) the size of the fund created and the number of persons benefited; (b) the absence of objections by members of the class; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the case by plaintiff's counsel; and (g) awards in similar cases.

5. The court CERTIFIES the above-captioned case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The court concludes that plaintiffs are similarly situated based upon the representations of counsel placed on the record during October 17, 2019 final fairness hearing, VanOrden's brief in support of the instant motion, (Doc. 73 at 2-3), and the findings set forth in the court's July 10, 2019 preliminary settlement and class certification approval order (Doc. 69).

6. The court likewise CERTIFIES a settlement class of 293 individuals listed in Exhibit A to the Settlement Agreement (excluding John White), (see Doc. 72-1 at 10-17), who, during any time between July 25, 2014, and August 20, 2018, worked as a driver or loader for Lebanon Farms Disposal, Inc. This class satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(3). See ¶ 5, *supra*; Doc. 73 at 12-17.

7. The court APPROVES the class members' waiver of their FLSA claims. The proposed settlement is a fair and reasonable compromise of the *bona fide* disputed issues, and it furthers the FLSA's implementation as there are no overly burdensome confidentiality agreements, overbroad release language, or sealed filings. See Shimp v. Wildcat, LLC, No. 1:15-CV-1109, 2016 WL 1584013, at *4 (M.D. Pa. Apr. 20, 2016) (Conner, C.J.).

8. The court APPOINTS the law firm of Winebrake & Santillo, LLC to serve as class counsel pursuant to Federal Rule of Civil Procedure 23(g). (See Doc. 69 at 3; Doc. 72-2; Doc. 73 at 27-28).

9. This action is DISMISSED with prejudice, although the court will retain jurisdiction over the interpretation, enforcement, and implementation of the settlement agreement and this order.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania